# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 6, 2025

Lyle W. Cayce
Clerk

————————

No. 24-50178
Summary Calendar

————————

Transportation Management Services, Incorporated,

*Plaintiff—Appellant*,

*versus*

Hiscox Insurance Company, Incorporated,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:23-CV-740

_____

Before Dennis, Ho, and Oldham, *Circuit Judges*.

Per Curiam:[*]

In April 2020, an individual sued Plaintiff-Appellant Transportation Management Services, Inc. ("TMS") for an incident involving an employee of TMS's security subcontractor. TMS was insured by Defendant-Appellee Hiscox Insurance Company, Inc ("Hiscox") which, subject to a reservation of rights, provided a defense to TMS in the litigation. Following a settlement

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

of the underlying litigation but dissatisfied with Hiscox's representations and the amount it paid in connection with the settlement, TMS sued Hiscox in a Texas state court. Without answering, Hiscox removed the action to federal court but not before TMS filed an amended petition[1] in state court. TMS's amended petition added new factual allegations, a new cause of action, and clarified the extent of its claimed economic damages. Despite being attached to Hiscox's notice of removal, TMS never formally served Hiscox with its amended petition prior to removal.

Once in federal court, the district court granted Hiscox three extensions to its deadline to file a responsive pleading. Each of Hiscox's extension requests explained that Hiscox knew of TMS's amended petition but, at the time Hiscox filed its notice of removal, the state court had not issued a citation for service of the amended petition. As such, Hiscox was waiting for TMS to formally serve its amended petition before answering. Two days before its final answer deadline, Hiscox moved to dismiss TMS's original petition under Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. Hiscox argued that TMS's original state court petition was the operative pleading because Hiscox still had not received formal service of the amended petition. On this basis, Hiscox argued TMS's original petition suffered from a variety of defects and asked the district court to dismiss TMS's lawsuit.

In opposition, TMS argued that Hiscox's motion should be stricken based upon prior docket orders on Hiscox's extension requests that it was to "answer or otherwise respond to [TMS]'s First Amended Original Petition, (Dkt. 1-4)." Alternatively, TMS requested leave to replead by refiling and

---

[1] For clarity, a "petition" is the Texas procedural equivalent to a federal court "complaint." *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 311 n.5 (5th Cir. 2002).

serving its amended petition on Hiscox. The district court ultimately agreed with Hiscox that the original state court petition was the operative pleading and granted Hiscox's motion to dismiss with prejudice. TMS timely appealed.

The parties dispute whether the district court erred by analyzing Hiscox's motion to dismiss as against TMS's original petition rather than its first amended petition. Even assuming the district court was correct in doing so, however, the nature of the district court's dismissal is problematic because TMS requested leave to amend in opposition to Hiscox's motion to dismiss—a request that the district court denied *sub silentio*.

Hiscox contends that TMS failed to expressly articulate a request for leave to amend under Rule 15(a) of the Federal Rules of Civil Procedure in its opposition to Hiscox's motion to dismiss and, as a result, argues that TMS should not be afforded relief by our court. After all, "[a] party who neglects to ask the district court for leave to amend cannot expect to receive such a dispensation from the court of appeals." *U.S. ex rel. Willard v. Humana Health Plan Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). But a request for leave to amend in response to a motion to dismiss is sufficiently made where "the requesting party has set forth with particularity the grounds for the amendment and the relief sought." *See id.* TMS met both conditions. In its response to Hiscox's motion to dismiss, TMS explained that the district court had twice ordered Hiscox to "answer or otherwise respond to [TMS]'s First Amended Original Petition, (Dkt. 1-4)." The amended petition, as evidenced by the district court's orders, was part of the district court's record since removal. TMS understandably viewed the district court's prior orders as resolving whether the original or amended petition was the operative complaint. In the event TMS's understanding was incorrect, it requested the district court "grant[] the right to replead its First Amended Complaint to this Court with service on Hiscox."

These facts support that TMS sufficiently requested leave to amend under Rule 15(a). "Rule 15(a) requires a trial court to grant leave to amend 'freely,' and the language of this rule evinces a bias in favor of granting leave to amend." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citation and internation quotations omitted). It follows that "[a] district court must possess a 'substantial reason' to deny a request for leave to amend." *Id.* (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)). The district court did not adduct any reason or basis to deny TMS the opportunity to amend its original petition, which is an abuse of discretion. *See id.*

For the forgoing reasons, we REVERSE the judgment of the district court and REMAND for further proceedings not inconsistent with this opinion.